# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------X

TRADEXIM INTERNATIONAL CO. CALIFORNIA,

                      Plaintiff,

      - against -

GAVRILOVIC HOLDING PETRINJA,

                    Defendants.

Case No. 20-3596 (RBW)

---------------------------------------------------------------X

## PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF DEFAULT JUDGMENT

Plaintiff Tradexim International Co. California ("Plaintiff") requests the Court grant this motion for default judgment against Defendant Gavrilovic Holding Petrinja "(Defendant)" pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and the Local Rules of this Court based upon Defendant's failure to timely appear or otherwise respond to Plaintiff's Complaint filed on December 10, 2020. This motion is supported by the affidavits of David L. Earnest IV (the "Earnest Affidavit") and Nikola Horvat (the "Horvat Affidavit"), attached hereto as Exhibits "B" and "C", respectively.

### I. PROCEDURAL HISTORY

1. On December 10, 2020, Plaintiff filed its Complaint against Defendant alleging that Defendant engaged in fraud surrounding its Croatian bankruptcy proceedings in an attempt to avoid paying a debt owed to Plaintiff. See Complaint, attached hereto as Exhibit A; see also Earnest Affidavit, ¶ 2.

2. On December 11, 2020, an electronic Summons was issued as to Defendant. <u>See</u> Earnest Affidavit, ¶ 3.

3. On March 5, 2021, this Court issued a "Leave to file is granted". <u>See</u> Earnest Affidavit, ¶ 4.

4. On January 14, 2021, Defendant was served with Summons, and Defendant's responsive pleading was due on or before February 4, 2021. <u>See</u> Earnest Affidavit, ¶ 5.

5. On March 15, 2021, Plaintiff filed a Return of Service affidavit, attaching a "Certificate of successful service under Hague convention on service," which was received by Plaintiff from the Republic of Croatia's Ministry of Justice on March 5, 2021, confirming that Defendant was served on January 14, 2021. <u>See</u> Earnest Affidavit, ¶ 5.

6. Defendant has not appeared in this action and has not filed a responsive pleading to Plaintiff's Complaint. <u>See</u> Earnest Affidavit, ¶ 6.

7. On March 15, 2021, Plaintiff filed its Affidavit for Entry of Default. <u>See</u> Earnest Affidavit, ¶ 7.

8. On March 17, 2021, the Court entered default judgment against Defendant. <u>See</u> Earnest Affidavit, ¶ 8.

9. Since entry of the default judgment against Defendant, Plaintiff has sought to participate in any re-opened bankruptcy proceedings in Croatia. Thus far, Plaintiff has been unsuccessful. <u>See</u> Earnest Affidavit, ¶ 9.

## II.   <u>JURISDICTION AND VENUE</u>

10. Plaintiff is a District of Columbia corporation with its principal place of business located at 2102 Business Center Dr., Irvine, California 92612. Defendant was a Croatian State-owned holding company, but upon information and belief is currently in insolvency proceedings

in the Republic of Croatia, with its legal representative located at Franjo Punceca 4, 40000 Cakovec, Croatia. See Earnest Affidavit, ¶ 6.

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the citizenship of the Plaintiff is diverse from that of the Defendant and the claim asserted is in excess of $75,000.[1]

12. Venue is proper pursuant to 28 U.S.C. § 1391.

### III.   ARGUMENT

13. Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir.1980)). Entry of a default judgment under Fed. R. Civ. P. 55(b) is generally appropriate where a defendant is an "essentially unresponsive party whose default is plainly willful, reflected by its failure to respond to the summons or complaint, the entry of default, or the motion for default judgment." *Reyes v. Kimuell*, 270 F. Supp. 3d 30, 33 (D.D.C. 2017) (internal quotation marks omitted); *Auxier Drywall*, 531 F. Supp. 2d at 57. Where there is a complete "absence of any request to set aside the default or suggestions by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Id.* (internal quotation marks omitted).

**A.   Defendant's default constitutes an admission of all material allegations of the Plaintiff's Complaint.**

14. Upon default, the defendant admits the truthfulness of all material allegations of the complaint. *Buckley v. Paperboy Ventures, LLC,* 869 F. Supp. 2d 9, 11 (D.D.C. 2012). Default is

---

[1] Plaintiff withdraws and does not rely on the assertion in its Complaint that this Court has jurisdiction pursuant to 28 U.S.C. 1330(a).

3

deemed an admission by the defendant of the material allegations of the complaint, which can substitute the need for plaintiff to introduce evidence in support of the admitted allegations. *Breaking the Chain Foundation, Inc. v. Capitol Educational Support, Inc.*, 589 F. Supp. 2d 25, 28 (D.D.C. 2008) (internal citations omitted)).

15. In the present case, Defendant has been duly served with a Summons, but failed to appear or make any responsive pleading to the Complaint and is in default. By defaulting, Defendant admits all allegations set forth in the Complaint as true.

**B. Damages are for a sum certain.**

16. While the entry of default establishes Defendant's liability, the Court is required to make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain. *Serv. Emps. Int'l Union Nat. Indus. Pension Fund v. Artharee*, 942 F. Supp. 2d 27, 30 (D.D.C. 2013) (citing *Int'l Painters & Allied Trades Indus. Pension Fund v. Davanc Contracting, Inc.*, 808 F.Supp.2d 89, 94 (D.D.C.2011)). Here, the damages are for a sum certain.

17. As explained in the Complaint, Plaintiff and Defendant executed a Protocol Agreement providing that Defendant would make a $450,205.54 payment to Plaintiff for Defendant's failure to properly deliver consumable products to Plaintiff. Payment was never made to Plaintiff due to Defendant's fraud. See Complaint, attached hereto as Exhibit A, ¶ 9.

18. Defendant ceased operations and entered into fraudulent bankruptcy proceedings in the Republic of Croatia in 2002. Creditors of Defendant, including Plaintiff, were never afforded an opportunity to be heard or allowed to collect on any debts. Among other things, the Commercial Court of Zagreb opened and closed the bankruptcy proceeding of Defendant on the same day. See Complaint, attached hereto as Exhibit A, ¶¶ 11-12.

19. On July 26, 2018, an international arbitration tribunal, constituted under the World Bank's International Centre for Settlement of Investment Disputes (ICSID) and seated in Washington D.C., held that Defendant had engaged in fraud with regards to the Croatian bankruptcy proceedings. Indeed, during the course of the arbitral proceedings the Republic of Croatia admitted that there was a "fraudulent scheme in favour of a bankruptcy sale." See Complaint, attached hereto as Exhibit A, ¶¶ 14-19.

20. As a direct and proximate result of Defendant's fraud, Plaintiff was unable to receive payment of the amounts due under the Protocol Agreement, and suffered damages in the amount of at least $450,205.54.

21. The Horvat Affidavit establishes that as of September 30, 2022, pursuant to the laws of Croatia Plaintiff is also entitled to $1,777,789.17 in interest that has accrued on the principal amount due. See Horvat Affidavit.

22. Despite the claims for relief in the Complaint, Plaintiff seeks judgment only for the principal amount of $450,205.54, and pre-judgment interest of $1,777,789.17, which in total constitutes a sum certain of $2,227,994.71.

23. Plaintiff is also entitled to its costs for this action pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. There is a heavy presumption favoring an award of costs to the prevailing party. *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1314–15 (D.C. Cir. 1981). Accordingly, the Plaintiff is entitled to its costs for this action totaling $2,181.85.

## IV.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order for (1) default judgment in favor of Plaintiff and against Defendant; (2) damages in the total amount of

$2,227,994.71; (3) costs for this action in the total amount of $2,181.85; and (4) any other relief this Court deems appropriate under the circumstances.

Dated: October 20, 2022                    Respectfully submitted,

_____
David L. Earnest IV (DC Bar No. 1022483)
**DIAMOND MCCARTHY LLP**
1455 Pennsylvania Ave., NW
Suite 400
Washington, DC 20004
(202) 846.6878
david.earnest@diamondmccarthy.com

*Counsel for Plaintiff*
*Tradexim International Co. California*