# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------X

TRADEXIM INTERNATIONAL CO. CALIFORNIA,
2101 Business Center Dr.
Irvine, CA 92612

                        Plaintiff,

     - against -

GAVRILOVIC HOLDING PETRINJA,
Franjo Punceca 4
40000 Cakovec
Croatia

                        Defendants.

---------------------------------------------------------------X

Case No. 20-3596

# COMPLAINT

Plaintiff, Tradexim International Co. California, by and through undersigned counsel, Derrick F. Moore of Moore Law PLLC, hereby alleges the following:

**Parties**

1. Plaintiff Tradexim International Co. California is a company with its principal place of business in California.

2. Defendant Gavrilovic Holding Petrinja ("Gavrilovic") was a State-owned holding company that owned a food processor and butcher, but upon information and belief currently in insolvency proceedings in the Republic of Croatia, with its legal representative located at Franjo Punceca 4, 40000 Cakovec, Croatia.

**Jurisdiction and Venue**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as each claim asserted is in excess of $75,000 and the citizenship of the Plaintiff is diverse from that of the Defendant.

4.      Furthermore, Gavrilovic Holding Petrinja can be considered an alter ego of the Republic of Croatia as the Republic of Croatia assumed the assets and liabilities of Gavrilovic Holding Petrinja, and thus, this Court also has jurisdiction pursuant to 28 U.S.C. 1330(a).

5.      Venue is proper pursuant to 28 U.S.C. § 1391.

**Overview of Complaint**

6.      Tradexim seeks damages for the egregious fraud that Gavrilovic engaged in surrounding its 2001 bankruptcy proceedings in an attempt to avoid paying the debts owed to Tradexim—fraud that was not discoverable until a Washington, D.C. arbitral panel released its final award and decision publicly on July 28, 2018. The egregious nature of the Defendants, which included improperly transferring money due to bankruptcy estates in Croatia to a Panamanian company, was clearly designed so that Tradexim, as a creditor of Gavrilovic, would never receive the money owed.

**Background**

7.      The underlying dispute between the parties arose out of an agreement for Gavrilovic to export certain amount of canned ham to Tradexim. In December 1990, Gavrilovic and Tradexim entered into an agreement pursuant to which Gavrilovic agreed to supply containers of canned ham to Tradexim in exchange for USD $1,006,000, paid in advance. (See attached Exhibits 1 and 2).

8.      The canned ham Gavrilovic delivered to Tradexim was defective because it was found to contain deadly bacteria. The canned ham was rejected by the United States Department of Agriculture Food Safety and Inspection Service ("USDA-FSIS") as being unfit for human consumption and returned back to be destroyed with the supervision of authorities in Croatia.

Gavrilovic never returned the money paid by Tradexim for the hams and Gavrilovic never delivered pursuant to the agreement.

9. Acknowledging the failure to properly deliver any consumable products—the canned ham—to Plaintiff, Gavrilovic executed an agreement providing that Gavrilovic would make a $450,205.54 payment to Plaintiff Tradexim as a result of the rejection of the canned ham (the "Protocol Agreement"). In the Protocol Agreement, Gavrilovic agreed that "after a thorough discussion, and based on the decision of the authorized American sanitary inspection agency, Gavrilovic is taking upon itself the obligation to pay Tradexim the following amount [$450,205.54] for the returned goods." (See attached Exhibit 3).

10. This payment was never made to Tradexim.

11. In 2002, Gavrilovic ceased operations and entered into illegal bankruptcy proceedings in the Republic of Croatia. As explained below, an arbitral tribunal in 2018 found these proceedings to be illegally performed and the Gavrilovic bankruptcy proceedings were re-opened.

12. Creditors of Gavrilovic, including Tradexim, were never afforded an opportunity to be heard or allowed to collect on any debts. Among other things, the Commercial Court of Zagreb opened and closed the bankruptcy proceeding of Gavrilovic on the same day.

13. At the time, Tradexim was not aware of any specific actions made by Gavrilovic, or Gavrilovic's agents or owners, that would have caused the bankruptcy proceedings to have been open and closed on the same day. Tradexim was not aware of whether funds that were considered part of Gavrilovic's bankruptcy estate were distributed to any creditors.

14. In or around November 2012, Gavrilovic (and Mr. Gavrilovic, the owner of the company) initiated an arbitration against the Republic of Croatia by filing a request for

arbitration with the International Centre for Settlement of Investment Disputes (ICSID). The seat of the arbitration (Case No. ARB 12/39) was Washington, D.C. and multiple hearings were held in Washington, D.C. in 2016.

15. On July 26, 2018, the Arbitral Tribunal dispatched the final Award decision to the parties of the arbitration (the "Award"). The Award recited certain facts related to the 2002 bankruptcy proceedings that had previously not been made available to the public (including Tradexim).

16. The Award stated, among other things, that funds that were part of the Gavrilovic bankruptcy estate were improper transferred to a "secret Swiss bank account" owned by a Panamanian entity.

17. The arbitral tribunal noted the "serious irregularity in the conduct of the bankruptcy proceeding," and described in detail the willful, reckless, and fraudulent nature of these transfers. The Republic of Croatia admitted in the arbitration that there was a "fraudulent scheme in favour of a bankruptcy sale."

18. In addition to the deceitful and fraudulent transfers of funds away from the Gavrilovic bankruptcy estate, the arbitral tribunal noted that Gavrilovic's owner had smuggled currency out of the Republic of Croatia in 1991.

19. In short, the Award makes clear that Gavrilovic Holding Petrinja engaged in fraud with regards to the bankruptcy proceedings in 2002. Tradexim was unaware of this fraud until the decision of the arbitral tribunal in July 2018, and to its knowledge, no facts related to this scheme were made aware to the public prior to that day.

20. Upon information and belief, the bankruptcy proceedings of Gavrilovic were re-opened after the Award. However, Tradexim has yet to be paid on any of its debts, including the $450,205.54 that Gavrilovic agreed to pay pursuant to the Protocol Agreement.

### Count I: Fraud

21. Tradexim incorporates by reference all of the allegations contained in Paragraph Nos. "1" through "20" as if fully rewritten here.

22. Gavrilovic intended to deceive its creditors, including Tradexim, by improperly and deceitfully causing approximately USD $3,000,000 that should have gone to the bankruptcy estate for benefit of its creditors to instead be siphoned off to a "secret" Switzerland account of a Panamanian company. This money should have been applied to the Gavrilovic bankruptcy estates.

23. Gavrilovic was aware that such transfers would lead to the funds in the bankruptcy estate to be drastically reduced and/or reduced to nothing, and ultimately lead to Gavrilovic's creditors, including Tradexim, not being paid on their debts.

24. The transfers were intended to deceive creditors such as Tradexim.

25. Gavrilovic never made the bankruptcy court or any creditors, including Tradexim, aware of these transfers.

26. Gavrilovic knowingly, and with intent, committed fraud against Tradexim.

27. As a direct and proximate result of Defendant's fraud, Plaintiff has suffered damages in the amount of at least $450,205.54, with interest that is currently calculated to be approximately $1,700,000.00, plus attorneys' fees and the costs of this suit, to the extent permitted by law.

28. The above acts of Defendant Gavrilovic were willful, oppressive, and reckless, and thereby entitle Plaintiff to an award of punitive damages to compensate the Plaintiff and deter Defendant and other entities from similar future conduct.

### Prayer

**WHEREFORE**, Tradexim prays for a judgment be entered granting the relief to which it is entitled, including but not limited to:

(a) A judgment against Defendant Gavrilovic for actual damages in the amount of $450,205.54, plus interest, which is currently calculated to be approximately $1,700,000.00, plus attorneys' fees and the costs of this suit to the extent permitted by law;

(b) A judgment against Defendant Gavrilovic for exemplary and punitive damages in the amount of at least $3,000,000 or an amount to be proven at trial; and

(c) Any such other relief as this Court deems just, proper, and equitable.

Dated: December 10, 2020                    Respectfully submitted,

By: _____
Derrick F. Moore (DC Bar #1645015)
**Moore Law PLLC**
1140 3rd St. NE
Washington, DC 20002
Tel: (315) 794-4714
derrick@mooreatty.com

*Counsel for Plaintiff*
*Tradexim International Co. California*