# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| TRADEXIM INTERNATIONAL CO. CALIFORNIA, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-3596 (RBW) |
| v. | ) ) | |
| GAVRILOVIC HOLDING PETRINJA, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

The plaintiff, Tradexim International Co. California, brought this civil action against Gavrilovic Holding Petrinja, alleging fraud and seeking monetary damages. See Complaint ("Compl.") ¶ 27, ECF No. 1. On December 3, 2024, the Court issued a Memorandum Opinion and Order granting the plaintiff's motion for a default judgment as to liability. See Tradexim Int'l Co. California v. Gavrilovic Holding Petrinja ("Tradexim I"), No. 20-3569 (RBW), 2024 WL 4957372, at *1 (D.D.C. Dec. 3, 2024) (Walton, J.); Order at 1 (Dec. 3, 2024), ECF No. 16. Currently pending before the Court is the component of the plaintiff's motion for the award of damages based on its liability default judgment. See Plaintiff's Motion and Memorandum in Support of Default Judgment ("Pl.'s Mot.") ¶¶ 22–23, ECF No. 9. After carefully considering all of the relevant evidence submitted by the plaintiff,[1] the Court concludes for the following reasons that it must grant the damages component of the plaintiff's motion for a default judgment and enter a default judgment monetary damages award against the defendant Gavrilovic Holding Petrinja in the amount of $1,370,066.54.

---

[1] In addition to the filings already identified, the Court considered the Plaintiff's Submission Regarding Prejudgment Interest ("Pl.'s Suppl. Br."), ECF No. 17, in rendering its decision.

I.      BACKGROUND AND FINDINGS OF FACT

In its Memorandum Opinion issued on December 3, 2024, the Court made significant findings of fact, which supported its conclusion that "the plaintiff has established that it is entitled to a default judgment on the issue of the defendant's liability." Tradexim I, 2024 WL 4957372, at *5. The Court incorporates those Findings of Fact in full in this Order. See id. at 2–4. Of particular relevance here, the plaintiff submitted evidence that, in December 1990, the parties executed an agreement (the "Protocol Agreement"), pursuant to which the defendant "would make a $450,205.54 payment" to the plaintiff as a result of the defendant's prior delivery of defective canned ham. Id. at 1 (citing Compl. ¶¶ 8–9); see Compl., Exhibit ("Ex.") 3 (Protocol ("Protocol Agreement")) at 2, ECF No. 1-3. However, the defendant never made the payment, "ceased operations [in 2002,] and entered into [ ] bankruptcy proceedings in the Republic of Croatia[,]" proceedings that were subsequently "found . . . to be illegally performed" by an international arbitral tribunal. Tradexim I, 2024 WL 4957372, at *3 (quoting Compl. ¶¶ 10–11). Based on the findings made in its December 3, 2024 Memorandum Opinion, the Court concluded that "the plaintiff ha[d] sufficiently alleged facts that the defendant 'engaged in fraud [in] regards to [its] bankruptcy proceedings,' and 'as a direct and proximate result of [the] fraud, [the p]laintiff has suffered damages in the amount of at least $450,205.54[,]' plus interest, as the defendant never delivered the payment promised pursuant to the Protocol Agreement[.]" Id. at *5 (first, second, third, and fourth alterations in original) (internal citations omitted).

II.     CONCLUSIONS OF LAW

The Court previously concluded (1) that it has subject-matter jurisdiction over the plaintiff's claims in this case, see id. at 4; (2) that it has personal jurisdiction over the defendant,

see id. at 4–5; and (3) that "the plaintiff has established that it is entitled to a default judgment on the issue of the defendant's liability[,]" see id. at 5.  Accordingly, the Court granted the plaintiff's motion for a default judgment as to liability.  See id. at 7.  Having concluded that the defendant is liable to the plaintiff, the Court now addresses the damages to which the plaintiff is entitled to receive.

### A.  Damages and Prejudgment Interest

The plaintiff requests that the Court award it damages in the amount of $450,205.54, i.e., the amount owed by the defendant to the plaintiff pursuant to the Protocol Agreement.  See Pl.'s Mot. ¶ 22.  The plaintiff also seeks prejudgment interest on the economic damages it is awarded.  See id. ¶¶ 22–23; see generally Pl.'s Suppl Br.[2]

As an initial matter, the Court has already concluded that the defendant owed the plaintiff $450,205.54 pursuant to the Protocol Agreement, see Tradexim I, 2024 WL 4957372, at *3, and that the defendant is liable to the plaintiff for fraud arising out of its failure to pay that amount, see id. at *5.  Therefore, the Court will award the plaintiff damages in that amount.

Second, "[b]ecause prejudgment interest is a substantive matter, District of Columbia law applies to this issue."  Burlington Ins. Co. v. Okie Dokie, Inc., 398 F. Supp. 2d 147, 158 (D.D.C. 2005), vacated on other grounds, 439 F. Supp. 2d 124 (D.D.C. 2006).  Relevant here, under District of Columbia law, "[i]n an action . . . to recover a liquidated debt on which interest is payable by contract or by law or usage[,] the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if

---

[2] The plaintiff originally requested prejudgment interest of $1,777,789.17, based on the application of Croatian statutory rates.  See Pl.'s Mot. ¶¶ 21–22.  However, after the Court ordered the plaintiff to provide "the legal basis for awarding prejudgment interest and using the requested Croatian statutory rates to calculate prejudgment interest in this case[,]" Order at 1 (Dec. 3, 2024), the plaintiff revised its requested award of prejudgment interest because "[u]pon further research, [the p]laintiff does not believe Croatian interest rates apply[]" rather than the District of Columbia's statutory rate, Pl.'s Suppl. Br. at 2 n.1.

3

any, until paid." D.C. Code § 15-108.³  The Court "has broad discretion to award prejudgment interest, and courts usually award prejudgment interest 'absent some justification for withholding such an award.'" Burlington Ins. Co., 398 F. Supp. 2d at 159 (quoting Fed. Mktg. Co. v. Impression Prods., Co., 823 A.2d 513, 532 (D.C. 2003)).

Here, the amount at issue in this case is "liquidated" because it is "an easily ascertainable sum certain." Am. Nat'l Red Cross v. Vinton Roofing Co., 697 F. Supp. 2d 71, 74 (D.D.C. 2010) (quoting District Cablevision Ltd. P'ship v. Bassin, 828 A.2d 714, 731 (D.C. 2003)).  As the Court has already concluded, there is no dispute that, pursuant to the Protocol Agreement, the defendant owed the plaintiff a principal amount of $450,205.54.  See Tradexim I, 2024 WL 4957372, at *5.  And, "[t]he interest rate [under District of Columbia law], unless fixed by contract, is 6% per annum." Am. Nat'l Red Cross, 697 F. Supp. 2d at 74 (citing D.C. Code § 28-3302).  Therefore, based on its calculation of the governing statutory rate for prejudgment interest and the length of time between the defendant's obligation to pay the plaintiff the amount of the Protocol Agreement and the Court's judgment as to liability on December 3, 2024, the Court concludes that the plaintiff is entitled to an award of prejudgment interest in the amount of $917,679.15.⁴

---

³ District of Columbia law also authorizes courts to "include interest as an element in the damages awarded, if necessary to fully compensate the plaintiff[]" in a judgment for damages in contract or tort.  D.C. Code § 15-109.  While the plaintiff cites both D.C. Code § 15-108 and D.C. Code § 15-109 as grounds for awarding prejudgment interest in this case, see Pl.'s Suppl. Br. ¶¶ 2, 5, the Court proceeds here under D.C. Code § 15-108 because the plaintiff's suit is for a sum certain, i.e., the original amount owed pursuant to the Protocol Agreement.  However, assuming arguendo that the Court were to apply D.C. Code § 15-109, it would come to the same conclusion as to the amount of prejudgment interest to be awarded because such an award is "necessary to fully compensate the plaintiff[,]" D.C. Code § 15-109, for its dispossession of these funds over such a long period of time.  See Embassy of Fed. Republic of Nigeria v. Ugwuonye, 297 F.R.D. 4, 13 (D.D.C. 2013) ("Where a plaintiff has been deprived of the use of money that has been withheld, prejudgment interest 'is an element of complete compensation for the loss of use of such money.'" (quoting Riggs Nat'l Bank v. District of Columbia, 581 A.2d 1229, 1253 (D.C. 1990)).

⁴ The Court has reviewed the plaintiff's calculation of the award of prejudgment interest, see Pl.'s Suppl. Br. at 3–4 (calculating interest accrued between December 1990 and December 2024, totaling $917,679.15), and concludes that these calculations are accurate.  Therefore, the Court will grant the requested amount.

Finally, the plaintiff argues that it "is owed $2,181.85 in costs for the filing fee, translation service fees for service under the Hauge Convention, and courier fees for service on [the d]efendant." Pl.'s Suppl Br. ¶ 8. Because the plaintiff has obtained a default judgment against the defendant, it is a "prevailing party" and is thus entitled to costs under Federal Rule of Civil Procedure 54(d)(1). See Serrano v. Chicken-Out Inc., 209 F. Supp. 3d 179, 194 (D.D.C. 2916) ("By obtaining a default judgment against [the d]efendants, [the p]laintiff qualifies as a prevailing party entitled to attorney's fees and costs."). Therefore, the Court will award it the requested amount in costs arising out of its service of process. See Flynn v. Mastro Masonry Contractors, 237 F. Supp. 2d 66, 70–71 (D.D.C. 2002) (awarding service costs in a default judgment case).

Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion and Memorandum in Support of Default Judgment, ECF No. 9, is **GRANTED**.[5]  It is further

**ORDERED** that default judgment is **ENTERED** against defendant Gavrilovic Holding Petrinja in the amount of $1,370,066.54, consisting of (1) $450,205.54 in monetary damages for the principal amount owed pursuant to the Protocol Agreement; (2) $917,679.15 in prejudgment interest; and (3) $2,181.85 in costs.  It is further

**ORDERED** that this case is **CLOSED**.

---

[5] On December 3, 2024, the Court issued a Memorandum Opinion and Order granting in part and holding in abeyance in part the plaintiff's motion. See Order at 1 (Dec. 3, 2024).  The motion was granted as to the plaintiff's request for a default judgment as to liability, and the motion was held in abeyance in as to the plaintiff's request for default judgment as to damages, pending supplemental briefing. See id.  This Order grants the portion of the plaintiff's motion that was previously held in abeyance.

**SO ORDERED** this 8th day of January, 2025.

                                                  REGGIE B. WALTON
                                                  United States District Judge